**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN OVERSIGHT, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-1529-RC |
| U.S. NATIONAL ARCHIVES & RECORDS ADMINISTRATION, | |
| Defendant. | |

## ANSWER

Defendant U.S. National Archives & Records Administration (NARA) hereby answers plaintiff American Oversight's complaint (ECF No. 1) as follows, in correspondingly numbered paragraphs:

1.      This paragraph consists of Plaintiff's characterization of the action, not factual allegations to which a response is required.

2.      This paragraph consists of legal conclusions concerning jurisdiction, not factual allegations to which a response is required.

3.      This paragraph consists of legal conclusions concerning venue, not factual allegations to which a response is required.

4.      This paragraph consists of legal conclusions and a demand for relief, not factual allegations to which a response is required.

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

6.      As to the first sentence, admit that NARA is an independent establishment in the Executive Branch headquartered in Washington, DC, and that NARA is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). The second sentence consists of legal conclusions, not factual allegations to which a response is required.

7.      Admit that NARA received three Freedom of Information Act (FOIA) requests from American Oversight on February 22, 2022. NARA respectfully refers the Court to those requests for a full and accurate statement of their contents.

8.      Admit that NARA received a FOIA request from American Oversight on February 22, 2022. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

9.      Admit that NARA received a FOIA request from American Oversight on February 22, 2022. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

10.      Admit.

11.      Admit that NARA received a second FOIA request from American Oversight on February 22, 2022. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

12.      Admit that NARA received a FOIA request from American Oversight on February 22, 2022. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

13.      Admit.

14.     Admit that NARA received a third FOIA request from American Oversight on February 22, 2022. NARA respectfully refers the Court to the request for a full and accurate statement of its contents.

15.     Admit.

16.     As to the first sentence, admit that on March 15, 2022, NARA corresponded with American Oversight about American Oversight's three FOIA requests dated February 22, 2022. NARA respectfully refers the Court to that correspondence for a full and accurate statement of its contents. As to the second sentence, admit that as of the date the complaint was filed NARA had not subsequently corresponded with American Oversight about American Oversight's three FOIA requests dated February 22, 2022.

17.     Admit that as of the date the complaint was filed, NARA had not notified American Oversight of any determination regarding its FOIA requests, including by producing any responsive records or indicating that any records were lawfully exempt from production.

18.     This paragraph consists of legal conclusions and a demand for relief, not factual allegations to which a response is required.

19.     NARA repeats its answers to the foregoing paragraphs.

20.     This paragraph consists of legal conclusions, not factual allegations to which a response is required.

21.     This paragraph consists of legal conclusions, not factual allegations to which a response is required.

22.     This paragraph consists of legal conclusions, not factual allegations to which a response is required.

23.     This paragraph consists of legal conclusions, not factual allegations to which a response is required.

24.     This paragraph consists of a demand for relief, not factual allegations to which a response is required. To the extent that a response is deemed required, deny that American Oversight is entitled to the requested relief, or to any relief whatsoever.

25.     NARA repeats its answers to the foregoing paragraphs.

26.     This paragraph consists of legal conclusions, not factual allegations to which a response is required.

27.     This paragraph consists of legal conclusions, not factual allegations to which a response is required.

28.     This paragraph consists of legal conclusions, not factual allegations to which a response is required.

29.     This paragraph consists of legal conclusions, not factual allegations to which a response is required.

30.     This paragraph consists of legal conclusions, not factual allegations to which a response is required.

31.     This paragraph consists of a demand for relief, not factual allegations to which a response is required. To the extent that a response is deemed required, deny that American Oversight is entitled to the requested relief, or to any relief whatsoever.

The remainder of the complaint contains American Oversight's requested relief, not factual allegations to which a response is required. To the extent that a response is deemed required, deny that American Oversight is entitled to the requested relief, or to any relief whatsoever.

NARA hereby denies all allegations in American Oversight's complaint not expressly admitted or denied.

## AFFIRMATIVE DEFENSES

1.     American Oversight failed to exhaust administrative remedies.

2.     American Oversight is not entitled to compel production of any records that FOIA exempts from disclosure.

3.     NARA has exercised due diligence in processing American Oversight's FOIA requests and exceptional circumstances exist necessitating additional time for NARA to continue its processing of American Oversight's FOIA requests. *See* § 552(a)(6)(C).

Dated:  July 11, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ Kevin Wynosky*
KEVIN WYNOSKY (PA Bar # 326087)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street N.W., Rm. 12400
Washington, DC 20005
(202) 616-8267
Kevin.J.Wynosky@usdoj.gov

*Counsel for Defendant*